MEMORANDUM *
Gregg Conitz (“Conitz”) appeals the district court’s summary judgment in favor of Teck Cominico Alaska, Incorporated *513 (“Teck”) and NANA Regional Corporation (“NANA”). Conitz contends Teek’s employment preference for NANA shareholders is an unlawful racial preference in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Alaska Human Rights Act. Teck cross-appeals the district court’s award of attorney fees. The parties are familiar with the facts; we will not recount them here.
Conitz failed to show he was qualified for the positions he sought, and in the absence of any evidence of direct discriminatory intent, has failed to establish a pri-ma facie case of discrimination under a disparate treatment theory. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Brown v. Wood, 575 P.2d 760, 770 (Alaska 1978). Nor has Conitz shown the requisite statistical evidence necessary to support a prima facie disparate impact claim. Stout v. Potter, 276 F.3d 1118, 1122 (9th Cir.2002); Miller v. Safeway, 102 P.3d 282, 291 (Alaska 2004). Thus, the district court did not err in granting summary judgment to Teck on these claims.
Conitz attempts to defend his failure to establish a prima facie case by claiming he did not have either adequate notice or opportunity to develop a factual record before the district court. This argument is contradicted by the record. Conitz never responded to Teck’s and NANA’s summary judgment motion, even after the district court ordered him to do so.
Finally, we conclude that the district court committed no reversible error with respect to its award of attorney fees, or its denial of Teck’s motion to disgorge fees.
Teck Alaska’s motion to take judicial notice and to file the supplemental record on appeal is GRANTED.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.